JOHN BYERSDORFER *v.* MICHAEL SCHULTZ.

[Abstract Kentucky Law Reporter, Vol. 5—928.]

**Title by Adverse Possession.**
>    When a fence is made the line dividing the lands of adjoining land-owners, and is recognized as such line continuously for twenty years or more, it settles the boundary between such lands even if the title papers of one describes land across the fence.

APPEAL FROM PENDLETON CIRCUIT COURT.

May 22, 1884.

OPINION BY JUDGE PRYOR:

The parties to this controversy owned adjoining tracts of land that were once embraced in the same tract and both trace the title back to the original vendor. The appellant obtained his title· in the year 1860 by bond and then took possession. The appellee obtained his title by bond in 1866. Appellant obtained his deed in 1862 and the appellee his deed in 1871. The appellant was in the possession of and claiming the few feet of ground in controversy when the appellee purchased. McClain owned both tracts when Jones obtained from him, by purchase, the tract the appellant

owns. Jones swears that he and McClain, the latter at the time owning the tract now owned by the appellee, ran and established the line where appellant's fence now stands. Jones had possession of it until he sold to Prestley, and Prestley possession until he sold to appellant, who has held it since 1860, and has had his fence on the line since 1862. Freeman, who sold the land to the appellee, states that appellant's fence was on the line between the two tracts; that he and the appellant recognized the fence as the line and he so told the appellee when he sold to him; that the fence is in the same place it was when appellant made the purchase. It is even doubtful from the proof whether the deed to appellee embraces the land in controversy, but if it did the parties who owned this land before the appellee bought, ran the line and established it where it is. It was recognized as the line by the vendor of the appellee and the latter knew it.

These witnesses stand uncontradicted, and from the testimony the verdict should have been but the one way, that is, for the appellant, first, because the fence was made the line, and last, the possession of the appellant since 1862, claiming it as the line, bars any right of entry on the part of the appellee even if his deed embraces it. That Freeman claimed to the extent of his boundary can not alter the result. Freeman recognized the fence as the line and so did appellant, as well as the parties who were in the possession before Freeman entered.

The judgment is *reversed* and cause remanded with directions to award a new trial and for proceedings consistent with this opinion.

*A. R. Clarke, for appellant.*

*Duncan & Barker, for appellee.*

[Cited, *Grider v. Davenport,* 22 Ky. L., 1455, 60 S. W. 86.]